IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BETH E. KENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10-cv-1209 |
| | ) | |
| PATRICK R. DONAHOE, | ) | Judge Mark R. Hornak |
| *Postmaster General of the United States Postal Service,* | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is Plaintiff's Motion to Open Discovery. For the reasons which follow, the Motion will be granted in part, and denied in part.

This case has been pending for nearly two (2) years, and it is only now reaching the stage where the battle will be joined at summary judgment. Plaintiff is currently represented by able and experienced counsel, just as she was on three (3) prior occasions in this case. Those relationships ended with the discharge of her lawyers in at least two of those representations, and the withdrawal of counsel in the third. Documents that Plaintiff produced to the Court seem to indicate that such withdrawal was related to what appeared to be irreconcilable differences between Plaintiff and counsel. For the balance of this odyssey, Plaintiff has represented herself in prosecuting her claims of unlawful employment discrimination in her discharge. She has done so with earnestness and seemingly full engagement. She has personally appeared in open court with considerable skill and aptitude, and has deposed five (5) witnesses. Both this member of

1

the Court, and the Judge to whom this case was previously assigned, have fully advised Plaintiff of her right to engage counsel, and have sought to allow her the greatest degree of latitude during those intervals when she was without counsel. In short, Plaintiff has been given a wide berth, the benefit of every doubt, along with time and opportunities to engage in this litigation far beyond those provided in other cases, all in keeping with her intermittent pro se status.

With the appearance of her latest lawyers, she has asked for still more discovery. The docket reveals that to date, the total formal discovery period allotted to this case has been approximately 288 days, nearly double the time allotted for discovery in a civil case in this Court. It is averred by Defendant, and not disputed, that thousands of file documents about Plaintiff and her employment (and its termination) have been provided to her by Defendant. She has been represented by competent counsel, albeit not continuously. She has had the ability to confront, under oath in a deposition, those who she stated were most involved, from her perspective, in the termination of her employment. In short, the record to date is a full one, and a review of Plaintiff's Motion, the supporting statement that her new counsel provided, the responses of the Defendant, and the Court's independent consideration of the record demonstrates that there is not good cause to reopen discovery as such, nor to allow the "re-deposition" of Ms. Fetzner.

That said, her newest counsel has requested some information, by way of discovery, that appears to the Court to not be facially duplicative of information already provided to Plaintiff by deposition or otherwise, nor likely to cause significant delay to the resolution of this case, nor substantial burden to the Defendant to produce. Therefore, the Defendant shall provide the following to counsel for the Plaintiff, on the terms stated, on or before June 15, 2012, the Court concluding that these items are of at least arguable discoverability under Fed. R. Civ. P. 26, and

that the potential value to Plaintiff in receiving them in order to assist her in prosecuting her case sufficiently outweighs the burden of producing them:

1. The identity of all Postal Service employees who, at the time of Plaintiff's employment termination had, within the prior 24 months, served as an Acting Postmaster in the Erie District.

2. The identity of all Postal Service employees in the Erie District who were discharged by Ms. Fetzner for any reason, or who were discharged by any supervisor for the same reasons as Plaintiff was discharged, within 24 months prior to Plaintiff's discharge, and to date.

3. Defendant shall provide a complete copy of Plaintiff's personnel file.

4. Defendant shall provide a copy of any Postal Service policy in force at the time of Plaintiff's discharge that related to the processes for discharge of an employee in Plaintiff's classification, and/or which set out any standard of conduct which Plaintiff was alleged to have violated.

5. Defendant shall allow counsel (only) for Plaintiff to examine, at the offices of counsel for Defendant, the personnel file of Terry Fetzner. Defendant shall preserve such file in the event that it is required for trial.

In all other respects, the Plaintiff's Motion to Reopen Discovery is denied.

An appropriate order will issue.

_____
Mark R. Hornak
United States District Court

Dated: May 22, 2012

cc: All Counsel of Record